RACHEL E. KAUFMAN (Cal. Bar No. 259353)
KAUFMAN P.A.
400 NW 26th Street
Miami, FL 33127
Telephone: (305) 469-5881
rachel@kaufmanpa.com

*Attorney for Plaintiff and the Proposed Class*

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| REGINALD MCLUCAS, individually and on behalf of all others similarly situated,<br><br>*Plaintiff,*<br><br>v.<br><br>USHEALTH GROUP, INC., a Texas corporation, and USHEALTH ADVISORS, LLC, a Texas company,<br><br>*Defendants.* | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

## CLASS ACTION COMPLAINT

Plaintiff Reginald McLucas ("Plaintiff McLucas" or "McLucas") brings this Class Action Complaint and Demand for Jury Trial against Defendants, USHealth Group, Inc., ("Defendant USHG" or "USHG") and USHealth Advisors, LLC ("Defendant USHA" or "USHA") to stop the Defendants from violating the Telephone Consumer Protection Act by making telemarketing calls after the Plaintiff

specifically opted out of receiving any more phone communications from the Defendants. Plaintiff also seeks injunctive and monetary relief for all persons injured by Defendants' conduct. Plaintiff McLucas, for this Complaint, alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

## PARTIES

1. Plaintiff Reginald McLucas is a resident of Corona, California.

2. Defendant USHealth Group, Inc., is a corporation registered and headquartered at Fort Worth, Texas. Defendant USHG conducts business throughout this District and California.

3. Defendant USHealth Advisors, LLC, is a limited liability company registered in Texas and headquartered at Minnetonka, Minnesota. Defendant USHA conducts business throughout this District and California.

## JURISDICTION AND VENUE

4. This Court has federal question subject matter jurisdiction over this action under 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA").

5. This Court has personal jurisdiction over the Defendant because the wrongful conduct giving rise to this case was directed by the Defendant to and received by the Plaintiff in this District.

## INTRODUCTION

6. As the Supreme Court recently explained, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back." *Barr v. Am. Ass'n of Political Consultants*, No. 19-631, 2020 U.S. LEXIS 3544, at *5 (U.S. July 6, 2020).

7. When Congress enacted the TCPA in 1991, it found that telemarketers called more than 18 million Americans every day. 105 Stat. 2394 at § 2(3).

8. By 2003, due to more powerful robocalling technology, telemarketers were calling 104 million Americans every day. *In re Rules and Regulations Implementing the TCPA of 1991*, 18 FCC Rcd. 14014, ¶¶ 2, 8 (2003).

9. The problems Congress identified when it enacted the TCPA have only grown exponentially in recent years.

10. Industry data shows that the number of robocalls made each month increased from 831 million in September 2015 to 4.7 billion in December 2018—a 466% increase in three years.

11. According to online robocall tracking service "YouMail," 4.1 billion robocalls were placed in November 2021 alone, at a rate of 137.4 million per day. www.robocallindex.com (last visited December 8, 2021).

12. The FCC also has received an increasing number of complaints about unwanted calls. FCC, Consumer Complaint Data Center, www.fcc.gov/consumer-help-center-data.

13. "Robocalls and telemarketing calls are currently the number one source of consumer complaints at the FCC." Tom Wheeler, *Cutting off Robocalls* (July 22, 2016), statement of FCC chairman.[1]

14. "The FTC receives more complains about unwanted calls than all other complaints combined." Staff of the Federal Trade Commission's Bureau of Consumer Protection, *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991,* Notice of Proposed Rulemaking, CG Docket No. 02-278, at 2 (2016).[2]

---

[1] https://www.fcc.gov/news-events/blog/2016/07/22/cutting-robocalls
[2] https://www.ftc.gov/system/files/documents/advocacy_documents/comment-staff-ftc-bureau-consumer-protection-federal-communications-commission-rules-regulations/160616robocallscomment.pdf

CLASS ACTION COMPLAINT
-4-

## COMMON ALLEGATIONS

15. Defendant USHA is a wholly owned national sales and distribution subsidiary of Defendant USHG.[3] Agents working on behalf of Defendant USHG identify as agents of either Defendant USHG or Defendant USHA and sell insurance plans to consumers throughout the United States.

16. Defendant USHA is the marketing arm of Defendant USHG and specializes in marketing a portfolio of health coverage plans underwritten and insured by Defendant USHG's family of insurance companies.[4]

17. Defendants USHA and USHG, operate together, through more than 3600 agents, to sell health insurance to consumers across 31 states around the U.S. including California.[5]

18. Defendant USHG uses its wholly owned marketing arm, Defendant USHA to generate leads on its behalf.  As part of this scheme, USHA provides its own agents with a dialer system, as well as leads for the agents to contact, many of which are bad leads that they have no consent to be contacting in the first place.

19. Defendant USHA solicits business from consumers using prerecorded calls, automated calls, and solicitation text messages on behalf of Defendant USHG.

---

[3] https://www.linkedin.com/company/ushealth-advisors/
[4] http://www.ushealthgroup.com/BecomeAnAgent.aspx
[5] https://www.ushealthgroup.com/

CLASS ACTION COMPLAINT
-5-

Unfortunately, many of these calls and texts are being placed without express written consent in violation of the TCPA.

20. In Plaintiff McLucas's case, Defendant USHA's agents, on behalf of Defendant USHG, sent multiple solicitation text messages to his cell phone, despite multiple stop requests from him.

21. In response to these text messages, Plaintiff brings this case seeking injunctive relief requiring the Defendants to cease from violating the Telephone Consumer Protection Act by failing to maintain adequate policies and procedures for maintaining and honoring do not contact requests, as well as an award of statutory damages to the members of the Class and costs.

## PLAINTIFF MCLUCAS' ALLEGATIONS

22. Plaintiff McLucas is the subscriber and the sole user of the cell phone number ending with xxx-xxx-6381.

23. In or around November 2020, Plaintiff McLucas started receiving unsolicited telemarketing text messages and calls from several of Defendants' agents using different phone numbers, offering to sell health care plans to him.

24. Plaintiff McLucas made multiple stop requests to several of these agents in order to stop receiving the unwanted solicitation text messages from the Defendant USHA and Defendant USHG. Despite making multiple stop requests,

Plaintiff kept receiving unwanted solicitation text messages from the Defendants for months, including, but not limited to:

- 
  



25. In or around October 2021, Plaintiff McLucas again started receiving these unwanted solicitation text messages from the Defendants to his cell phone, without having given his consent to receive any communications from the Defendants, and despite having made multiple stop requests to the Defendants, as mentioned above.

26. Plaintiff received the following solicitation text messages from the Defendants:

- On October 8, 9 and 10, 2021, from the phone number 423-380-0862:



- On November 5 and 6, 2021, from the phone number 706-309-0947:



- On November 6 and 7, 2021, from the phone number 325-244-9520:



- On November 9, 2021, from the phone number 385-243-2709:



27. The unauthorized solicitations that Plaintiff received from Defendants, as alleged herein, have harmed Plaintiff McLucas in the form of annoyance, nuisance, and invasion of privacy, and disturbed the use and enjoyment of his phone, in addition to the wear and tear on the phone's hardware (including the phone's battery) and the consumption of memory on the phone.

28. Seeking redress for these injuries, Plaintiff McLucas, on behalf of himself and a Class of similarly situated individuals, brings suit under the TCPA.

## CLASS ALLEGATIONS

29. Plaintiff McLucas brings this action pursuant to Federal Rules of Civil Procedure 23(b)(2) and 23(b)(3) and seeks certification of the following Class:

**Internal Do Not Call Class:** All persons in the United States who from four years prior to the filing of this action through class certification (1) either of

the Defendants or their agent sent more than one text message (2) within any 12-month period (3) for substantially the same reason Defendants or their agent sent the text messages to the Plaintiff, (4) including at least one text message after the person requested that Defendants or its agent to stop sending text messages to their phone number.

30.   The following individuals are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, its subsidiaries, parents, successors, predecessors, and any entity in which either Defendant or its parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Class; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against the Defendant have been fully and finally adjudicated and/or released. Plaintiff McLucas anticipates the need to amend the Class definitions following appropriate discovery.

31.   **Numerosity and Typicality**: On information and belief, there are hundreds, if not thousands of members of the Class such that joinder of all members is impracticable, and Plaintiff is a member of the Class because he received text messages as part of the same telemarketing campaign resulting in text messages sent to other Class members.

32.   **Commonality and Predominance**: There are many questions of law and fact common to the claims of the Plaintiff and the Class, and those questions

predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

    (a)    whether Defendants' conduct violated the TCPA;

    (b)    whether either of the Defendants or an agent calling on behalf of either of the Defendants engaged in telemarketing without implementing adequate internal policies and procedures for maintaining an internal do not call list;

    (c)    whether members of the Classes are entitled to treble damages based on the willfulness of Defendant's conduct.

33.    **Adequate Representation**: Plaintiff McLucas will fairly and adequately represent and protect the interests of the Class and has retained counsel competent and experienced in class actions. Plaintiff McLucas has no interests antagonistic to those of the Class, and Defendants have no defenses unique to Plaintiff. Plaintiff McLucas and his counsel are committed to vigorously prosecuting this action on behalf of the members of the Class and have the financial resources to do so. Neither Plaintiff McLucas nor his counsel have any interest adverse to the Class.

34.    **Appropriateness**: This class action is also appropriate for certification because Defendants acted or refused to act on grounds generally applicable to the

Class and as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class and making final class-wide injunctive relief appropriate. Defendants' business practices apply to and affect the members of the Class uniformly, and Plaintiff's challenge of those practices hinges on Defendants' conduct with respect to the Class as wholes, not on facts or law applicable only to Plaintiff McLucas. Additionally, the damages suffered by individual members of the Class will likely be small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendants' actions. Thus, it would be virtually impossible for the members of the Class to obtain effective relief from Defendants' misconduct on an individual basis. A class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

**FIRST CLAIM FOR RELIEF**
**Telephone Consumer Protection Act**
**(Violation of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff McLucas and the Internal Do Not Call Class)**

35. Plaintiff repeats and realleges paragraphs 1 through 34 of this Complaint and incorporates them by reference herein.

36. Under 47 C.F.R. § 64.1200(d), "[n]o person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who

request not to receive telemarketing calls made by or on behalf of that person or entity. The procedures instituted must meet the following minimum standards:

> (1) Written policy. Persons or entities making calls for telemarketing purposes must have a written policy, available upon demand, for maintaining a do-not-call list
>
> (2) Training of personnel engaged in telemarketing. Personnel engaged in any aspect of telemarketing must be informed and trained in the existence and use of the do-not-call list.
>
> (3) Recording, disclosure of do-not-call requests. If a person or entity making a call for telemarketing purposes (or on whose behalf such a call is made) receives a request from a residential telephone subscriber not to receive calls from that person or entity, the person or entity must record the request and place the subscriber's name, if provided, and telephone number on the do-not-call list at the time the request is made. Persons or entities making calls for telemarketing purposes (or on whose behalf such calls are made) must honor a residential subscriber's do-not-call request within a reasonable time from the date such request is made. This period may not exceed thirty days from the date of such request. If such requests are recorded or maintained by a party other than the person or entity on whose behalf the telemarketing call is made, the person or entity on whose behalf the telemarketing call is made will be liable for any failures to honor the do-not-call request. A person or entity making a call for telemarketing purposes must obtain a consumer's prior express permission to share or forward the consumer's request not to be called to a party other than the person or entity on whose behalf a telemarketing call is made or an affiliated entity.
>
> (4) Identification of sellers and telemarketers. A person or entity making a call for telemarketing purposes must provide the called party with the name of the individual caller, the name of the person or entity on whose behalf the call is being made, and a telephone number or address at which the person or entity may be contacted. The telephone number provided may not be a 900 number or any other number for which charges exceed local or long-distance transmission charges.

> (5) Affiliated persons or entities. In the absence of a specific request by the subscriber to the contrary, a residential subscriber's do-not-call request shall apply to the particular business entity making the call (or on whose behalf a call is made) and will not apply to affiliated entities unless the consumer reasonably would expect them to be included given the identification of the caller and the product being advertised.

> (6) Maintenance of do-not-call lists. A person or entity making calls for telemarketing purposes must maintain a record of a consumer's request not to receive further telemarketing calls. A do-not-call request must be honored for 5 years from the time the request is made.

37. Defendants, or an agent calling on behalf of Defendants sent solicitation text messages to Plaintiff and members of the Internal Do Not Call Class without implementing internal procedures for maintaining a list of persons who request not to be called by the entity and/or by implementing procedures that do not meet the minimum requirements to allow the Defendants or their agent to initiate telemarketing calls or text messages.

38. The TCPA provides that any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c)(5).

39. The Defendants have, therefore, violated 47 U.S.C. § 227(c)(5). As a result of Defendants' conduct, Plaintiff, and the other members of the Internal Do Not Call Class are each entitled to up to $1,500 per violation.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff McLucas individually and on behalf of the Class, prays for the following relief:

a.) An order certifying this case as a class action on behalf of the Class as defined above; appointing Plaintiff McLucas as the representative of the Class; and appointing his attorneys as Class Counsel;

b.) An award of actual and/or statutory damages and costs;

c.) An order declaring that Defendants' actions, as set out above, violate the TCPA;

d.) An injunction requiring the Defendants to cease all unsolicited calling activity, and to otherwise protect the interests of the Class; and

e.) Such further and other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff McLucas requests a jury trial.

**REGINALD MCLUCAS**, individually and on behalf of all others similarly situated,

DATED this 15th day of December, 2021.

By: /s/ *Rachel E. Kaufman*
Rachel E. Kaufman
Rachel@kaufmanpa.com
KAUFMAN P.A.
400 NW 26th Street
Miami, FL 33127
Telephone: (305) 469-5881

*Attorney for Plaintiff and the putative Class*