**GREENSPOON MARDER LLP**
Germain D. Labat (Cal. Bar No. 203907)
*germain.labat@gmlaw.com*
1875 Century Park East, Suite 1900
Los Angeles, CA 90067
Tel: 323.880.4539
Fax: 954.771.9264

Jeffrey A. Backman (*pro hac vice* application forthcoming)
Florida Bar No. 229091
jeffrey.backman@gmlaw.com
Roy Taub (*pro hac vice* application forthcoming)
Florida Bar No. 116263
roy.taub@gmlaw.com
200 East Broward Blvd., Suite 1800
Fort Lauderdale, FL 33301
Tel: (954) 491-1120
Fax: (954) 213-0140

*Attorneys for Defendants*
*USHEALTH Group, Inc. and USHEALTH Advisors, LLC*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| REGINALD MCLUCAS, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>USHEALTH GROUP, INC., a Texas corporation, and USHEALTH ADVISORS, LLC, a Texas company,<br><br>Defendants. | Case No.: 5:21-cv-02091-JWH-SP<br><br>Hon. John W. Holcomb<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS; AND MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>**<u>Hearing</u>**<br><br>**Date: March 18, 2022**<br>**Time: 9:00 a.m.**<br>**Ctrm: 2** |

**TO THE COURT AND ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE THAT, on March 18, 2022, at 9:00 a.m., or as soon thereafter as counsel may be heard before the Honorable John W. Holcomb of the United States District Court for the Central District of California, located at George E. Brown, Jr. Federal Building and United States Courthouse, 3470 12th St., Courtroom 2, Riverside, CA 92501, Defendants USHEALTH Group, Inc. ("USHG") and USHEALTH Advisors, LLC ("USHA") will and, as further detailed in the accompanying Memorandum of Points and Authorities, hereby do move the Court to dismiss Plaintiff's Complaint (the "Complaint").

Defendants brings this Motion under Federal Rule of Civil Procedure 12(b)(2) on the grounds of lack of personal jurisdiction. The Motion is based upon this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the Declaration of Konrad H. Kober, the Declaration of Dean Whaley, the Declaration of Roy Taub, the pleading and papers on file herein, and any further material and argument presented to the Court at the time of the hearing.

In accordance with Local Rule 7-3, Jeffrey Backman and Roy Taub, counsel for Defendants, met and conferred with Rachel Kaufman, counsel for Plaintiff, by telephone on February 3, 2022, wherein the grounds for the Motion were provided and the parties were unable to resolve this dispute.

Dated: February 14, 2022

Respectfully Submitted,

**GREENSPOON MARDER LLP**
*/s/ Germain D. Labat*
Germain D. Labat (Cal. Bar No. 203907)
germain.labat@gmlaw.com
1875 Century Park East, Suite 1900
Los Angeles, CA 90067
Tel: 323.880.4539
Fax: 954.771.9264

Jeffrey A. Backman
(*pro hac vice* application forthcoming)
Florida Bar No. 229091

jeffrey.backman@gmlaw.com
Roy Taub
(*pro hac vice* application forthcoming)
Florida Bar No. 116263
roy.taub@gmlaw.com
200 East Broward Blvd., Suite 1800
Fort Lauderdale, FL 33301
Tel: (954) 491-1120
Fax: (954) 213-0140

*Attorneys for Defendants*

# TABLE OF CONTENTS


PRELIMINARY STATEMENT ........ 1

STATEMENT OF ALLEGED FACTS ........ 3

ARGUMENT ........ 3

I. APPLICABLE LEGL STANDARDS ........ 3

II. THERE IS NO PERSONAL JURISDICTION OVER DEFENDANTS ........ 4

A. The Court Lacks General Personal Jurisdiction ........ 4

B. The Court Lacks Specific Personal Jurisdiction ........ 4

i. There Are No Jurisdictional Contacts with California ........ 6

ii. Defendants Have no Direct Jurisdictional Contacts ........ 10

iii. Plaintiff Fails to Allege Specific Personal Jurisdiction by Agency ........ 10

a. Formal Agency ........ 13

b. Apparent Authority ........ 14

c. Ratification ........ 15

iv. Defendants' Evidence of the Lack of Personal Jurisdiction ........ 15

CONCLUSION ........ 17


GREENSPOON MARDER
1875 CENTURY PARK EAST
SUITE 1900
LOS ANGELES, CA 90067
TEL: 323.880.4520

# TABLE OF AUTHORITIES

**Cases** **Page(s)**

*Abante Rooter & Plumbing, Inc. v. Arashi Mahalo, LLC*, No. 18-CV-07311-VC, 2019 WL 6907077 (N.D. Cal. Dec. 19, 2019) ..... 17

*Abante Rooter & Plumbing v. Farmers Grp., Inc*., No. 17-CV-03315-PJH, 2018 WL 288055 (N.D. Cal. Jan. 4, 2018) ..... 5, 11, 13

*Abedi v. New Age Med. Clinic PA*, No. 1:17-CV-1618 AWI SKO, 2018 WL 3155618 (E.D. Cal. June 25, 2018) ..... 8, 9

*Abramson v. Connected Mktg., LLC*, No. 19 C 3711, 2020 WL 1139251 (N.D. Ill. Mar. 9, 2020) ..... 10

*Barba v. Seung Heun Lee*, No. 09-1115-PHX-SRB, 2010 WL 11515658 (D. Ariz. Aug. 25, 2010) ..... 13

*Burger King Corp. v. Rudzewicz*, 471 U.S. 462 (1985) ..... 5

*Butcher's Union Local No. 498, United Food & Commercial Workers v. SDC Inv., Inc.*, 788 F.2d 535 (9th Cir. 1986) ..... 3

*Calder v. Jones*, 465 U.S. 783 (1984) ..... 6

C*.A.R. Transp. Brokerage Co., Inc. v. Darden Restaurants, Inc.*, 213 F.3d 474 (9th Cir. 2000) ..... 15

*Chemtool, Inc. v. Lubrication Techs., Inc.*, 148 F.3d 742 (7th Cir. 1998) ..... 11

*Clemons v. State Farm Mut. Automobile Ins. Co.*, No. 1:20-CV-1050, 2020 WL 4193997 (C.D. Ill. July 21, 2020) ..... 13-14

*CollegeSource, Inc. v. AcademyOne, Inc.*, 653 F.3d 1066 (9th Cir. 2011) ..... 3

**GREENSPOON MARDER**
1875 CENTURY PARK EAST
SUITE 1900
LOS ANGELES, CA 90067
TEL: 323.880.4520

*Cunningham v. Caribbean Cruise Line, Inc.*,
No. 3:14-CV-01040, 2015 WL 475271 (M.D. Tenn. Feb. 4, 2015) .................... 9

*Cunningham v. Mark D. Guidubaldi & Assocs., LLC*,
No. 4:18-CV-00118-ALM-CAN, 2019 WL 1119365
(E.D. Tex. Jan. 11, 2019) .................... 9

*Daimler AG v. Bauman*,
571 U.S. 117 (2014) .................... 4

*Davis v. Cascade Tanks, LLC*,
No. 3:13-CV-02119-MO, 2014 WL 3695493 (D. Or. July 24, 2014) .................... 1

*Declements v. Americana Holdings LLC*,
No. CV-20-00166-PHX-DLR, 2020 WL 4220075
(D. Ariz. July 23, 2020) .................... 14

*Doe v. Unocal Corp.*,
248 F.3d 915 (9th Cir. 2001) .................... 3

*Dole Food, Inc. v. Watts*,
303 F.3d 1104 (9th Cir. 2002) .................... 3

*Eisenband v. Starion Energy, Inc.*,
No. 9:17-cv-80195-KAM, 2018 U.S. Dist. LEXIS 79572
(S.D. Fla. May 11, 2018) .................... 9

*Emazing Lights, LLC v. De Oca*,
No. SACV 15-1561-AG(EX), 2016 WL 7507765
(C.D. Cal. June 20, 2016) .................... 13

*Fabricant v. USHEALTH Group, Inc.*,
No. 2:20-cv-10057-MCS-RAO,
Dkt. No. 39 (C.D. Cal. Feb. 19, 2021) .................... 8, 10, 16

*Fishman v. Subway Franchisee Advert. Fund Tr., Ltd.*,
No. 2:19-CV-02-444-ODW-ASX, 2019 WL 6135030
(C.D. Cal. Nov. 19, 2019) .................... 6

**GREENSPOON MARDER**
1875 CENTURY PARK EAST
SUITE 1900
LOS ANGELES, CA 90067
TEL: 323.880.4520

*Freidman v. Massage Envy Franchising, LCC*,
No. 3:12-CV-02962-L-RBB, 2013 WL 3026641 (S.D. Cal. June 13, 2013) .......... 13

*Goodyear Dunlop Tires Operations, S.A. v. Brown*,
564 U.S. 915 (2011) .......... 4

*Green v. Ox Car Care, Inc.*,
No. 4:20-CV-708-BJ, 2021 WL 3883624 (N.D. Tex. July 22, 2021) .......... 9

*Hastings v. Triumph Prop. Mgmt. Corp.*,
No. 15-CV-312-LAB (RBB), 2015 WL 9008758 (S.D. Cal. Dec. 15, 2015) .......... 9

*In re Joint Petition Filed by Dish Network, LLC*,
28 FCC Rcd. 6574 (2013) .......... 11

*Jones v. Royal Admin. Servs.*,
887 F.3d 443 (9th Cir. 2008) .......... 11

*Keeton v. Hustler Mag., Inc.*,
465 U.S. 770 (1984) .......... 5

*Kern v. VIP Travel Servs.*,
No. 1:16-CV-8, 2017 WL 1905868 (W.D. Mich. May 10, 2017) .......... 9

*Kristensen v. Credit Payment Servs. Inc.*,
879 F.3d 1010 (9th Cir. 2018) .......... 11, 15

*Luis v. Walker v. Ditech Fin. LLC*,
No. 16-CV-03084-KAW, 2016 WL 5846986 (N.D. Cal. Oct. 6, 2016) .......... 13

*Mavrix Photographs, LLC v. LiveJournal, Inc.*,
873 F.3d 1045 (9th Cir. 2017) .......... 11

*Michaels v. Micamp Merch. Servs.*,
No. CIV.A. 13-191E, 2013 WL 5970340 (W.D. Pa. Nov. 8, 2013) .......... 9

*Mindlab Media, LLC. v. LWRC Int'l LLC*,
No. CV 11-3405 CAS FEMX, 2012 WL 386695 (C.D. Cal. Feb. 6, 2012) .......... 13

**GREENSPOON MARDER**
1875 CENTURY PARK EAST
SUITE 1900
LOS ANGELES, CA 90067
TEL: 323.880.4520

*Naiman v. Freedom Forever, LLC*,
No. 19-CV-00256-JSC, 2019 WL 1790471 (N.D. Cal. Apr. 24, 2019) ............ 13

*Naiman v. TranzVia LLC*,
No. 17-CV-4813-PJH, 2017 WL 5992123 (N.D. Cal. Dec. 4, 2017)................ 11

*Nationwide Agribusiness Ins. Co. v. Buhler Barth GmbH*,
No. 1:15-CV-00582-JAM-EPG, 2015 WL 6689572
(E.D. Cal. Oct. 30, 2015)........................................................................ 1

*Pallamary v. Elite Show Servs., Inc.*,
No. 17CV2010-WQH-BGS, 2018 WL 3064933
(S.D. Cal. June 19, 2018) ...................................................................... 13

*Rogers v. Postmates Inc.*,
No. 19-CV-05619-TSH, 2020 WL 1032153 (N.D. Cal. Mar. 3, 2020)............ 14

*Rogers v. Postmates Inc.*,
No. 19-cv-05619, 2020 WL 3869191 (N.D. Cal. July 9, 2020)........................ 14

*Schwarzenegger v. Fred Martin Motor Co.*,
374 F.3d 797, 800 (9th Cir. 2004)............................................................ 3, 4, 5

*Shanahan v. Nat'l Auto Prot. Corp.*,
No. 1:19-CV-03788, 2020 WL 3058088 (N.D. Ill. June 9, 2020)..................... 16

*Sussman v. Playa Grande Resort, S.A. de C.V.*,
839 F. App’x 166 (9th Cir. 2021).............................................................. 7

*Thomas v. Cricket Wireless LLC*,
No. C 19-07270 WHA, 2020 WL 1531368 (N.D. Cal. Mar. 31, 2020) ............. 1

*Thomas v. Taco Bell Corp.*,
582 F. App’x 678 (9th Cir. 2014)............................................................. 15

*Thomas v. Taco Bell Corp.*,
879 F. Supp. 2d 1079, (C.D. Cal. 2012).................................................... 13

*Walden v. Fiore*,
134 S. Ct. 1115 (2014) ............................................................................ 5

**GREENSPOON MARDER**
1875 CENTURY PARK EAST
SUITE 1900
LOS ANGELES, CA 90067
TEL: 323.880.4520

*Walsh v. Kindred Healthcare*,
98 F. Supp. 2d 1073 (N.D. Cal. 2011) .......... 13

*Washington Shoe Co. v. A-Z Sporting Goods Inc.*,
704 F.3d 668 (9th Cir. 2012) .......... 6

*Williams v. Yamaha Motor Co.*,
851 F.3d 1015 (9th Cir. 2017) .......... 11, 13

*Winters v. Grand Caribbean Cruises Inc.*,
No. CV-20-00168-PHX-DWL, 2021 WL 511217
(D. Ariz. Feb. 11, 2021) .......... 12

**Statutes**

47 U.S.C. § 227 .......... 1

Cal. Civ. Proc. Code § 410.10 .......... 3

**Rules**

Fed. R. Civ. P. 12 .......... 1, 3

47 F.C.R. 64.1200 .......... 14

**Other Authorities**

*Restatement (Third) of Agency* § 2.03 (2006) .......... 14

*Restatement (Third) of Agency* § 4.01 (2006) .......... 15

GREENSPOON MARDER
1875 CENTURY PARK EAST
SUITE 1900
LOS ANGELES, CA 90067
TEL: 323.880.4520

Defendants USHEALTH Group, Inc. ("USHG") and USHEALTH Advisors, LLC ("USHA") hereby move, pursuant to Federal Rules of Civil Procedure 12(b)(2), to dismiss Plaintiff Reginald McLucas's Complaint (the "Complaint").[1]

## MEMORANDUM OF POINTS AND AUTHORITIES

## PRELIMINARY STATEMENT

Plaintiff asserts a single count against USHG and USHA for violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"), in particular the internal "do-not-call" rules, over text messages he alleges he received on his cellular telephone from "agents" of USHA and/or USHG (it remains unclear). But, neither Defendant is within this Court's personal jurisdiction, and dismissal is therefore required. Simply stated, Plaintiff fails to plausibly allege, and cannot make, a *prima facie* showing of personal jurisdiction against either Defendant, especially via agency.

Neither USHG nor USHA is "at home" in California or otherwise within this Court's general jurisdiction. As for specific jurisdiction, Plaintiff cannot make that showing here because neither Defendant nor any purported agent purposefully directed any conduct toward California. And that is principally because Plaintiff's telephone number is a ***Utah*** telephone number, a fact he omits from the Complaint – and his lawyer has refused to confirm despite repeated requests by e-mail and during the meet

[1] Defendants' Rule 12(b)(2) personal jurisdiction challenge is made subject to, and without waiver of, their right to compel arbitration. However, "[f]or [a] Court to rule on [a] motion to compel arbitration, it must first find that it has personal jurisdiction over [the defendant]," and thus a court "must decide the jurisdictional issue before ruling on [the defendant's] motion to compel arbitration." *Nationwide Agribusiness Ins. Co. v. Buhler Barth GmbH*, No. 1:15-CV-00582-JAM-EPG, 2015 WL 6689572, *2 (E.D. Cal. Oct. 30, 2015). In the (unlikely) event the Court determines it has personal jurisdiction over either Defendant, a motion to compel arbitration will be filed promptly. Although this Motion is being filed in advance of, and not contemporaneously with, a motion to compel arbitration, a challenge to a court's personal jurisdiction does not constitute conduct inconsistent with the right to arbitration so as to effect a waiver of said right. *See Davis v. Cascade Tanks, LLC*, No. 3:13-CV-02119-MO, 2014 WL 3695493, *11 (D. Or. July 24, 2014) ("I hold that a party does not act inconsistently with its right to compel arbitration of claims brought against it by contesting whether it may be haled into court in the first place, even if relatively extensive litigation of the jurisdictional issue is required as a result."). *See also Thomas v. Cricket Wireless LLC*, No. C 19-07270 WHA, 2020 WL 1531368, *10 (N.D. Cal. Mar. 31, 2020) (denying motion to dismiss for lack of personal jurisdiction and directing defendant to "please promptly bring its motion to compel arbitration or it will be deemed waived").

GREENSPOON MARDER
1875 CENTURY PARK EAST
SUITE 1900
LOS ANGELES, CA 90067
TEL: 323.880.4520

and confer – but which appears in the public records of the Utah Insurance Department. Yes, Plaintiff is himself a licensed insurance agent, and he registered the same telephone number as his "Business Phone" with the Utah Insurance Department. Because there is no connection to California that was known or should have been known to anyone who texted Plaintiff's telephone number, there are no contacts with California to impute to either Defendant and to furnish the basis for specific jurisdiction.

Even if somehow there could be California contacts from texting a Utah telephone number, nothing in the Complaint plausibly suggests that the Court has specific jurisdiction over USHG or USHA for their direct acts or by imputing jurisdictional contacts of the "agents" who supposedly called Plaintiff. All Plaintiff has done is conclusorily label the text message senders as "agents." Completely missing from the Complaint is any allegation of fact – well-pleaded or otherwise – of control, which is essential for the finding of any agency relationship, or the basis for any other theory of agency or vicarious liability (such as apparent authority or ratification).

Even if Plaintiff had sufficiently alleged a jurisdictional basis – and, again, he did not – Defendants' sworn testimony to the contrary precludes any finding of specific personal jurisdiction. Neither Defendant texted Plaintiff. USHG is an insurance holding company. It does not market or sell insurance products or services at all, whether in California or anywhere else in the world, nor has it ever contracted with or authorized anyone to do so "on its behalf." It had nothing to do with the alleged text messages. Full stop. As for USHA, it does not market directly. USHA is an insurance agency that contracts with independent insurance advisors, who are licensed in certain states as insurance "agents" but who work for USHA as independent contractors pursuant to a contract. ***None of these people, however, sells or markets insurance for USHA in California or to California residents***, because USHA is not licensed in California. Furthermore, USHA contractually requires that any marketing and solicitation by the independent insurance advisors comply with all applicable federal and state laws and regulations, including the TCPA. Consequently, under settled law,

GREENSPOON MARDER
1875 CENTURY PARK EAST
SUITE 1900
LOS ANGELES, CA 90067
TEL: 323.880.4520

there can be no finding that USHA authorized anyone to text Plaintiff in violation of the TCPA's internal "do-not-call" rules. Personal jurisdiction is lacking.

## STATEMENT OF ALLEGED FACTS

Plaintiff alleges that "[i]n or around November 2020," he "started receiving unsolicited telemarketing text messages and calls from several of Defendants' agents using different phone numbers, offering to sell health care plans to him." Compl. at ¶ 23. Plaintiff claims he "made multiple stop requests to several" – not all – "of these agents in order to stop receiving the unwanted solicitation text messages from the Defendant USHA and Defendant USHG," but kept receiving such messages "for months . . . ." *Id.* at ¶ 24. He alleges that "unwanted solicitation text messages from the Defendants to his cell phone" resumed in or around October 2021, "despite having made multiple stop requests to the Defendants, as mentioned above." *Id.* at ¶ 25.

## ARGUMENT

### I. APPLICABLE LEGAL STANDARDS

"Where a defendant moves to dismiss a complaint for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating that jurisdiction is appropriate." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004). *See also Dole Food, Inc. v. Watts*, 303 F.3d 1104, 1108 (9th Cir. 2002). A "nonspecific conclusory statement is not enough" to satisfy that burden. *Butcher's Union Local No. 498, United Food & Commercial Workers v. SDC Inv., Inc.*, 788 F.2d 535, 540 (9th Cir. 1986). "[P]laintiff cannot simply rest on the bare allegations of its complaint," but must make at least "a *prima facie* showing of jurisdictional facts" to avoid dismissal under Federal Rule of Civil Procedure 12(b)(2). *Schwarzenegger*, 374 F.3d at 800. The Court may consider written materials in deciding the motion. *Doe v. Unocal Corp.*, 248 F.3d 915, 922 (9th Cir. 2001). The law of the forum state applies. *CollegeSource, Inc. v. AcademyOne, Inc.*, 653 F.3d 1066, 1073 (9th Cir. 2011). However, since California's long-arm statute, (Cal. Civ. Proc. Code § 410.10), "is coextensive with federal due process requirements, the jurisdictional analyses under

state law and federal due process are the same." *Schwarzenegger*, 374 F.3d at 800-01.

## II. THERE IS NO PERSONAL JURISDICTION OVER DEFENDANTS

### A. The Court Lacks General Personal Jurisdiction

General jurisdiction allows a court to hear any claim against a defendant, irrespective of the underlying claim's connection to the forum state, and applies when a defendant's "affiliations with the State are so continuous and systematic as to render them essentially at home in the forum State." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011) (internal quotation omitted). The Supreme Court has clarified the limited bases that would permit general jurisdiction:

> only a limited set of affiliations with a forum will render a defendant amenable to all-purpose jurisdiction there. For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile; for a corporation, it is an equivalent place, one in which the corporation is fairly regarded as at home. With respect to a corporation, the place of incorporation and principal place of business are paradigm bases for general jurisdiction.

*Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014) (quotations and modifications omitted).

None of these applies here. USHG is a corporation organized under the laws of the State of Delaware and has its principal place of business in Texas. *See* Kober Decl. at ¶¶ 3-4. USHA is a limited liability company organized under the laws of the State of Texas and has its principal place of business in Texas. *See* Whaley Decl. at ¶¶ 3-4. And, to the extent it is relevant, neither entity has any contacts with the State of California that might otherwise support a finding of general jurisdiction. *See* Kober Decl. at ¶¶ 5-10; Whaley Decl. at ¶¶ 5-10. Accordingly, this Court has no general personal jurisdiction over Defendants.

### B. The Court Lacks Specific Personal Jurisdiction

Specific jurisdiction permits a court to hear a particular lawsuit that arises out of or relates to the defendant's contacts with the forum. *Daimler*, 571 U.S. at 127. It has

GREENSPOON MARDER
1875 CENTURY PARK EAST
SUITE 1900
LOS ANGELES, CA 90067
TEL: 323.880.4520

three elements:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
>
> (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and
>
> (3) the exercise of jurisdiction must comport with fair play and substantial justice, *i.e.* it must be reasonable.

*Schwarzenegger*, 374 F.3d at 802.

It is black letter law that the "'minimum contacts' necessary to create specific jurisdiction . . . . must arise out of contacts that the 'defendant *himself*' creates with the forum State." *Walden v. Fiore*, 134 S. Ct. 1115, 1122-23 (2014) (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985)). The Supreme Court has "consistently rejected attempts to satisfy the defendant-focused 'minimum contacts' inquiry by demonstrating contacts between the plaintiff (or third parties) and the forum State." *Id.* (collecting cases). Moreover, "[e]ach defendant's contacts with the forum State must be assessed individually." *Keeton v. Hustler Mag., Inc.*, 465 U.S. 770, 781 n.13 (1984). There are no such jurisdictional contacts between either Defendant and California.

"For a person to 'make' a call under the TCPA, the person must either (1) directly make the call, or (2) have an agency relationship with the person who made the call." *Abante Rooter & Plumbing v. Farmers Grp., Inc.*, No. 17-CV-03315-PJH, 2018 WL 288055, *4 (N.D. Cal. Jan. 4, 2018) ("*Abante I*") (citing *Gomez v. Campbell-Ewald Co.*, 768 F.3d 871, 877-79 (9th Cir. 2014)). Plaintiff does not specify which of these two theories of liability – direct or vicarious – he bases his claim upon, instead alleging both. *See* Compl. at ¶ 37 ("Defendants, or an agent calling on behalf of Defendants sent solicitation text messages to Plaintiff . . . ."). Under either theory, however, Plaintiff cannot establish the Court has specific personal jurisdiction over USHG or USHA.

GREENSPOON MARDER
1875 CENTURY PARK EAST
SUITE 1900
LOS ANGELES, CA 90067
TEL: 323.880.4520

### i. There Are No Jurisdictional Contacts with California

Plaintiff cannot possibly establish specific personal jurisdiction in this case, regardless of whether it is sought to be based upon direct contacts by USHG or USHA or by imputation, for one fundamental reason: there are ***no*** jurisdictional contacts with California. The required "showing that a defendant purposefully directed his conduct toward a forum state . . . usually consists of evidence of the defendant's actions outside the forum state that are directed at the forum . . . ." *Id.* at 803. That showing cannot be made here because Plaintiff's cellular telephone number is not even a California telephone number, but one with a ***Utah*** area code.

"In determining whether phone calls or text messages are sufficient contacts with the forum state, district courts have focused on whether the defendant 'knew or should have known' that its calls or text messages were sent into California." *Fishman v. Subway Franchisee Advert. Fund Tr., Ltd.*, No. 2:19-CV-02-444-ODW-ASX, 2019 WL 6135030, *6 (C.D. Cal. Nov. 19, 2019) (quoting *Washington Shoe Co. v. A-Z Sporting Goods Inc.*, 704 F.3d 668, 678 (9th Cir. 2012) ("Where [defendant] knew or should have known that [plaintiff] is a Washington company, [defendant's] intentional acts were expressly aimed at the state of Washington.")). The same analysis applies even if a purported agent's contacts are being imputed to a purported principal, because "the Court must still determine if [the agents'] conduct is sufficient to establish personal jurisdiction." *Id.* A key factor in the "purposeful direction" analysis is the area code of the telephone number that was called. *See id.* (collecting cases).

This is a context-specific iteration of the effects test, which the Ninth Circuit recently described as follows:

> Where, as here, a suit involves tortious conduct, we employ a purposeful direction analysis to determine whether a defendant has sufficient contacts with the forum to establish specific jurisdiction. This requires us to apply the "effects test"—set forth in *Calder v. Jones*, 465 U.S. 783 [. . .] (1984)—which is satisfied if a defendant has (1) committed an intentional act, (2) ***expressly aimed at the forum state***, [and] (3) causing harm that

GREENSPOON MARDER
1875 CENTURY PARK EAST
SUITE 1900
LOS ANGELES, CA 90067
TEL: 323.880.4520

the defendant ***knows is likely to be suffered in the forum state***.

*Sussman v. Playa Grande Resort, S.A. de C.V.*, 839 F. App'x 166, 167 (9th Cir. 2021) (emphases added, internal citations and quotation omitted).

To slightly paraphrase the Ninth Circuit's decision in terms of an agent's imputed jurisdictional contacts, "[t]o satisfy the express aiming requirement, the relationship between the [agent], the forum, and the suit must arise out of the contacts that the [agent] *himself* creates with the forum State." *Id.* (internal quotation omitted). That showing cannot be made here, because Plaintiff's telephone number has a Utah – not California – area code. Thus, to the extent any person deemed an agent texted him, they thought they were texting someone in (and directing their conduct toward) the State of Utah.

While Plaintiff chose to state only the last four digits of his telephone number in the Complaint – 6381, (Compl. at ¶ 22) – the telephone number that Plaintiff registered with the Utah Insurance Department as his "Business Phone" number is (801) 638-6381, which has the same last four numbers. Taub Decl. at ¶ 2, Ex. A.[2] Defendants' investigation of Plaintiff using Westlaw's "Public Records" search identifies four telephone numbers for Plaintiff, and the only one with the last four numbers matching the allegation in the Complaint is the same Utah telephone number: (801) 638-6381. *See* Taub Decl. at ¶ 5 ("According to Westlaw, the address corresponding to this telephone number is 3043 S 700 W Apt. 21, Salt Lake City, UT 84123-7722."). The 801 area code serves Salt Lake City, Utah and four surrounding counties. *See id.* at ¶¶ 6-7, Exs. B & C. There is no evidence – or the possibility of a plausible allegation – that in sending a text message to Plaintiff at his Utah telephone number, anyone doing so knew or should have known that they were sending text messages into California, which is necessary for purposeful direction. To the contrary, USHA does not direct any

[2] Plaintiff is an insurance agent licensed in Utah to sell health and life insurance policies. The information posted on the Utah Insurance Department's website states that on December 30, 2019, he was licensed in Utah as a "Resident Producer," but on March 23, 2021, he was licensed as a "Non-Resident Producer." *Id.* It is therefore possible that at least some of the telephone calls at issue, which Plaintiff alleges began in November 2020, (Compl. at ¶ 23), allegedly took place when he was in Utah.

GREENSPOON MARDER
1875 CENTURY PARK EAST
SUITE 1900
LOS ANGELES, CA 90067
TEL: 323.880.4520

marketing or sales activity to people believed to be California residents because it is not licensed as an insurance agency (or otherwise) in California. *See* Whaley Decl. at ¶ 11.

To further confirm this highly material fact, counsel for Defendants have requested ***three times*** from counsel for Plaintiff their client's full telephone number. The first instance was by e-mail on February 1, 2022, the second instance was during the telephonic meet and confer on February 3, 2022 – to which counsel responded, after being informed of the legal significance of the area code of her client's telephone number, that she did not have the telephone number before her but she *could* provide it – and the third instance was by e-mail on February 8, 2022. *See* Taub Decl. at ¶ 4. Plaintiff's counsel has declined to respond. *See id.* Plaintiff's remarkable refusal to provide his telephone number leaves Defendants' evidence of his Utah telephone number unrebutted. *Cf. Fabricant v. USHEALTH Group, Inc.*, No. 2:20-cv-10057-MCS-RAO, Dkt. No. 39 at 4 (C.D. Cal. Feb. 19, 2021) ("Fabricant's failure to offer any countervailing evidence [of USHG's supposed telemarketing]—***even the email he claims he received but refuses to produce***—requires the Court to accept Defendant's unrebutted testimony demonstrating that it did not and could not have had any direct or indirect contact with Fabricant.") (Taub Decl., Ex. D) (emphasis added).

On this record, "[t]here is nothing before the Court that suggests in any way that [Defendants or any purported agent] either knew or should have known that its text messages were sent into California and received by a resident of [California]. Given the nature of the services provided by [USHA] . . . and a cell phone number . . . that is not a California telephone number, there is no basis for a finding that [anyone] directly targeted California through the text messages." *Abedi v. New Age Med. Clinic PA*, No. 1:17-CV-1618 AWI SKO, 2018 WL 3155618, *5 (E.D. Cal. June 25, 2018). Other courts have similarly ruled in TCPA cases that where the telephone number called has an area code for an area outside the forum state, in the absence of any countervailing

**GREENSPOON MARDER**
1875 CENTURY PARK EAST
SUITE 1900
LOS ANGELES, CA 90067
TEL: 323.880.4520

evidence, there can be no specific personal jurisdiction.[3] "In sum, because [the purported agents] did not directly target California, there was no express aiming and thus, no purposeful direction. Without purposeful direction, there is no personal jurisdiction." *Abedi*, 2018 WL 3155618 at *5 (internal citations omitted). Indeed, especially because USHA is not even licensed to sell insurance in California, it did not purposefully direct nor did it cause anyone to purposefully direct any telemarketing to the State of California (with respect to Plaintiff or otherwise). *See* Whaley Decl. at ¶ 11. As another court found in an exceedingly similar context, where two Pennsylvania insurance agencies not licensed in Illinois (the forum state) called an Illinois resident with a Pennsylvania telephone number,

> Prossen and Walling only sold policies for states in which they held licenses. In making calls to Abramson, then, they directed their Pennsylvania-based insurance business at a Pennsylvania resident in Pennsylvania, not at Illinois . . . . Even considering the fact they

---

[3] *See Hastings v. Triumph Prop. Mgmt. Corp.*, No. 15-CV-312-LAB (RBB), 2015 WL 9008758, *2 (S.D. Cal. Dec. 15, 2015) ("There is no reason to believe Triumph knew Plaintiffs were California residents, or even that Triumph should have known this. . . . The only known information Triumph had about [Plaintiffs] — their phone number — identified them as possible Arizona residents, not California residents."). *See also, e.g.*, *Green v. Ox Car Care, Inc.*, No. 4:20-CV-708-BJ, 2021 WL 3883624, *5 (N.D. Tex. July 22, 2021) (dismissing complaint for lack of personal jurisdiction because "the alleged unwanted phone calls to Plaintiff were not targeted to a Texas phone number. Rather, the actions of Ox Car were targeted to a phone number with a New Hampshire area code."); *Cunningham v. Mark D. Guidubaldi & Assocs., LLC*, No. 4:18-CV-00118-ALM-CAN, 2019 WL 1119365, *7 (E.D. Tex. Jan. 11, 2019) (ruling court could not find defendant targeted forum state where the contacted phone numbers had Tennessee area code), report and recommendation adopted, 2019 WL 1117915 (E.D. Tex. Mar. 11, 2019); *Eisenband v. Starion Energy, Inc.*, No. 9:17-cv-80195-KAM, 2018 U.S. Dist. LEXIS 79572, *15–17 (S.D. Fla. May 11, 2018) (holding there was no express aiming at Florida where calls were made to a New Jersey area code, defendant submitted declaration it conducted no business in Florida, and no evidence indicated defendant knew it was calling individual in Florida); *Kern v. VIP Travel Servs.*, No. 1:16-CV-8, 2017 WL 1905868, *5 (W.D. Mich. May 10, 2017) (dismissing for lack of personal jurisdiction because "Plaintiffs' telephone numbers have New York area codes," meaning "[t]here is no indication that [defendant's purported agent] purposefully directed any of its calls to Michigan"); *Cunningham v. Caribbean Cruise Line, Inc.*, No. 3:14-CV-01040, 2015 WL 475271, *6 (M.D. Tenn. Feb. 4, 2015) (holding defendant did not purposefully direct conduct to Tennessee by calling cell phone number associated with North Carolina area code); *Michaels v. Micamp Merch. Servs.*, No. CIV.A. 13-191E, 2013 WL 5970340 (W.D. Pa. Nov. 8, 2013) (holding there was no express aiming at Pennsylvania where calls were made to Florida area code and no evidence indicated defendant knew that it was calling individual in Pennsylvania).

GREENSPOON MARDER
1875 CENTURY PARK EAST
SUITE 1900
LOS ANGELES, CA 90067
TEL: 323.880.4520

> represented themselves as Allstate agents, because Prossen and Walling did not "market[ ] to or solicit[ ] sales in Illinois, or sell[ ] [their] services or products to Illinois customers," the Court cannot find that they purposefully availed themselves of Illinois so as to subject themselves to this Court's jurisdiction.

*Abramson v. Connected Mktg., LLC*, No. 19 C 3711, 2020 WL 1139251, *3 (N.D. Ill. Mar. 9, 2020).

**ii. Defendants Have No Direct Jurisdictional Contacts**

Even if any conduct is deemed to have been purposefully directed to California, the Complaint is devoid of any factual allegations from which the Court could plausibly infer that "Defendants" – presumably both USHG ***and*** USHA – directly sent the text messages to Plaintiff. Plaintiff's qualified, conclusory say-so that "Defendants, or an agent calling on behalf of Defendants, sent solicitation text messages to Plaintiff" is not enough. Compl. at ¶ 37. Even if it were, it cannot be credited given both Defendants' sworn testimony that ***neither USHG nor USHA sent or placed any text messages to Plaintiff***. *See* Kober Decl. at ¶¶ 11-14; Whaley Decl. at ¶¶ 11-12. In fact, USHG does not sell or market any insurance products or services. *See* Kober Decl. at ¶¶ 11 & 14. To this point, none of the screenshots of the purported text messages refer to USHG. *See* Compl. at ¶¶ 24 & 26. USHG is an insurance holding company, and "does not market, sell or underwrite any insurance or other products or services in California or anywhere else." Kober Decl. at ¶ 11. Such a showing has already been found by another court in this District to preclude the exercise of specific personal jurisdiction over USHG. *See Fabricant*, Taub Decl., Ex. D.

**iii. Plaintiff Fails to Allege Specific Personal Jurisdiction by Agency**

Assuming there are any relevant jurisdictional contacts with California, without any well-pleaded allegations that USHG and/or USHA placed the text messages themselves, and especially given the sworn testimony to the contrary, Plaintiff is left with trying to base personal jurisdiction upon an agency relationship. "Agency is the fiduciary relationship that arises when one person (a 'principal') manifests assent to

GREENSPOON MARDER
1875 CENTURY PARK EAST
SUITE 1900
LOS ANGELES, CA 90067
TEL: 323.880.4520

another person (an 'agent') that the agent shall act on the principal's behalf and subject to the principal's control, and the agent manifests assent or otherwise consents to so act." *Jones v. Royal Admin. Servs*., 887 F.3d 443, 448 (9th Cir. 2008) (internal quotation omitted). "While an agency relationship can be created by contract or by conduct, not all contracts create agency relationships and not all conduct creates agency relationships." *Chemtool, Inc. v. Lubrication Techs., Inc.*, 148 F.3d 742, 745 (7th Cir. 1998). "Generally, an individual acting as an 'independent contractor,' rather than an agent, does not have the traditional agency relationship with the principal necessary for vicarious liability." *Naiman v. TranzVia LLC*, No. 17-CV-4813-PJH, 2017 WL 5992123, *12 (N.D. Cal. Dec. 4, 2017) ("*TranzVia*").

A fundamental tenet of an agency relationship is that the principal has "the right to substantially control its [agent's] activities." *Williams v. Yamaha Motor Co.*, 851 F.3d 1015, 1024-25 (9th Cir. 2017). *See also Jones*, 887 F.3d at 450 ("In determining whether vicarious liability may be imposed, the extent of control exercised by the [principal] is the essential ingredient.") (internal quotation omitted); *Mavrix Photographs, LLC v. LiveJournal, Inc.*, 873 F.3d 1045, 1054 (9th Cir. 2017) ("For an agency relationship to exist, an agent must have authority to act on behalf of the principal and [t]he person represented [must have] a right to control the actions of the agent.") (internal quotation omitted).

Following guidance from the Federal Communications Commission, the federal courts have held that three common law theories of agency may apply to a TCPA claim: formal agency, apparent authority, and ratification. *See*, *e.g.*, *Jones*, 887 F.3d at 450; *Kristensen v. Credit Payment Servs. Inc.*, 879 F.3d 1010, 1014 (9th Cir. 2018) (citing *In re Joint Petition Filed by Dish Network, LLC*, 28 FCC Rcd. 6574, 6584 (2013)); *Abante I*, 2018 WL 288055 at *4. The same level of allegations sufficient to state liability under one of these theories of agency is also required to show personal jurisdiction on that basis. *See TranzVia*, 2017 WL 5992123 at *13 ("[H]aving failed to adequately plead liability based on agency, plaintiff cannot show that the court has

GREENSPOON MARDER
1875 CENTURY PARK EAST
SUITE 1900
LOS ANGELES, CA 90067
TEL: 323.880.4520

personal jurisdiction over TranzVia on that basis."). Plaintiff thus must "show[ ] that [his caller] is subject to this court's jurisdiction, and that [the caller's] actions are attributable to [the principal] because [the caller] was [the principal's] agent with respect to the calls that [the caller] allegedly made to plaintiff." *Id.* at *10.

The Complaint utterly fails under this path because, as detailed below, it falls far short of plausibly stating an agency relationship, as opposed to a standard contractor relationship, under any of these principles between the purported "agents" who allegedly texted Plaintiff and either Defendant. To begin with, it is unclear with which Defendant the alleged "agent" texters were in a supposed principal-agent relationship. The Complaint alleges that "[a]gents working on behalf of Defendant USHG identify as agents of either Defendant USHG or Defendant USHA and sell insurance plans to consumers . . . ." Compl. at ¶ 15. Yet, the Complaint also alleges that "USHA provides ***its own agents*** with a dialer system, as well as leads for the agents to contact . . . ." *Id.* at ¶ 18 (emphasis added). Similarly, the Complaint alleges that "Defendant USHA's agents, on behalf of Defendant USHG, sent multiple solicitation text message to [Plaintiff's] cell phone . . . ." *Id.* at ¶ 21. Who is supposed to be the one allegedly authorizing and controlling the agents' conduct – USHG or USHA? And does USHA supposedly act as USHG's agent, too? This ambiguity requires guesswork and precludes any *prima facie* showing of personal jurisdiction by agency. *Cf. Winters v. Grand Caribbean Cruises Inc.*, No. CV-20-00168-PHX-DWL, 2021 WL 511217, *4 (D. Ariz. Feb. 11, 2021) (finding the inability to ascertain the possible agent made it impossible for the Court to analyze the scope, if any, of a relationship between two entities).

This confusion is also a result of the fact that there are ***no*** factual allegations sufficient to plausibly allege any basis for common law agency, such as the essential consideration of who authorized and controlled or had the right to control whom. A mere conclusory assertion that an agency relationship exists, or that one is acting as an "agent" of a defendant, which is the most that Plaintiff does here, simply is not credited.

***GREENSPOON MARDER***
1875 CENTURY PARK EAST
SUITE 1900
LOS ANGELES, CA 90067
TEL: 323.880.4520

*See Williams*, 851 F.3d at 1025 n.5 (finding no specific jurisdiction and rejecting allegation that "Defendants . . . were the agents or employees of each other" was insufficient as a "conclusory legal statement unsupported by any factual assertion regarding [the purported principal's] control over [the alleged agent]").[4]

**a. Formal Agency**

The Complaint states no facts suggesting that USHG "controlled or had the right to control [the purported agents] and, more specifically, the manner and means of the [marketing] . . . they conducted," which is necessary for formal agency (as opposed to a beneficial contractual relationship). *Thomas v. Taco Bell Corp.*, 879 F. Supp. 2d 1079, 1084 (C.D. Cal. 2012), *aff'd*, 582 F. App'x 678 (9th Cir. 2014). *See also Jones*, 887 F.3d at 450 ("[T]he extent of control exercised by the [principal] is the essential ingredient."). The only allegation that could be considered remotely along these lines is the allegation that "USHA provides its own agents with a dialer system, as well as leads for the agents to contact . . . ." Compl. at ¶ 18. That allegation, though, says nothing about control or the right to control the manner or means of marketing.

Nor is the conclusory allegation that any of the independent insurance advisors were "acting on behalf of" USHG or USHA, even if stated by the purported agent, sufficient. "Such allegations say nothing about whether defendant consented to those representations. And, more importantly, such allegations indicate nothing about the amount of control, if any, defendant purportedly exercised over the representatives." *Abante I*, 2018 WL 288055 at *5. *See also Clemons v. State Farm Mut. Automobile Ins.*

[4] Case law to this effect is legion. *See, e.g.*, *Naiman v. Freedom Forever, LLC*, No. 19-CV-00256-JSC, 2019 WL 1790471, *4 (N.D. Cal. Apr. 24, 2019); *Pallamary v. Elite Show Servs., Inc.*, No. 17CV2010-WQH-BGS, 2018 WL 3064933, *14 (S.D. Cal. June 19, 2018); *Luis v. Walker v. Ditech Fin. LLC*, No. 16-CV-03084-KAW, 2016 WL 5846986, *4 (N.D. Cal. Oct. 6, 2016); *Emazing Lights, LLC v. De Oca*, No. SACV 15-1561-AG(EX), 2016 WL 7507765, *3 (C.D. Cal. June 20, 2016); *Freidman v. Massage Envy Franchising, LCC*, No. 3:12-CV-02962-L-RBB, 2013 WL 3026641, *3 (S.D. Cal. June 13, 2013); *Mindlab Media, LLC. v. LWRC Int'l LLC*, No. CV 11-3405 CAS FEMX, 2012 WL 386695, *4 (C.D. Cal. Feb. 6, 2012); *Walsh v. Kindred Healthcare*, 798 F. Supp. 2d 1073, 1084 (N.D. Cal. 2011); *Barba v. Seung Heun Lee*, No. 09-1115-PHX-SRB, 2010 WL 11515658, *8 (D. Ariz. Aug. 25, 2010).

GREENSPOON MARDER
1875 CENTURY PARK EAST
SUITE 1900
LOS ANGELES, CA 90067
TEL: 323.880.4520

*Co.*, No. 1:20-CV-1050, 2020 WL 4193997, *4 (C.D. Ill. July 21, 2020) (finding allegations that defendant "contracted with a telemarketer or telemarketers to contact customers" and "the callers invoked the State Farm brand" failed to allege agency because plaintiff did not "explain how Defendant controlled any aspect of the telemarketing calls, such as their time, volume, or quality"); *Rogers v. Postmates Inc.*, No. 19-cv-05619, 2020 WL 3869191, *4-5 (N.D. Cal. July 9, 2020) ("*Rogers II*") (finding allegations that company sent text messages on behalf of another failed to plausibly allege agency, as opposed to beneficial contractual, relationship).

Moreover, as the specific jurisdictional contacts must provide the basis for formal agency for purposes of the asserted TCPA claim, Plaintiffs "must do more than establish an agency relationship. They must also establish that the purported agent had actual authority to place the unlawful calls," *i.e.*, to send text messages in violation of the TCPA's internal "do-not-call" rules. *Jones*, 887 F.3d at 449.[5] *See also* Compl. at ¶¶ 36-39 (asserting sole cause of action for violation of internal "do-not-call" rules set forth under 47 C.F.R. 64.1200(d)). For the reasons set forth above, the Complaint is devoid of any well-pleaded facts sufficient to render any such contention plausible.

**b. Apparent Authority**

Nor does the Complaint contain any well-pleaded facts sufficient to permit a plausible inference of agency by apparent authority. "Apparent authority holds a principal accountable for the results of third-party beliefs about an actor's authority to act as an agent when that belief is reasonable and is traceable to a manifestation of the principal." *TranzVia*, 2017 WL 5992123 at *12 (quoting *Restatement (Third) of Agency* § 2.03, cmt. c (2006)). "[T]he ostensible authority of an agent cannot be based solely

---

[5] *See also Declements v. Americana Holdings LLC*, No. CV-20-00166-PHX-DLR, 2020 WL 4220075, *1 (D. Ariz. July 23, 2020) ("Plaintiff does not allege that Mr. Berube directed agents use an autodialer in any way that violates the TCPA."); *Rogers v. Postmates Inc.*, No. 19-CV-05619-TSH, 2020 WL 1032153, *4 (N.D. Cal. Mar. 3, 2020) ("*Rogers I*") ("[E]ven if the sender was authorized to market on Postmates' behalf, there are no factual allegations suggesting that Postmates knew or reasonably should have known that the sender of the text or any of its agents or sub-agents were violating the TCPA on its behalf.").

upon the agent's conduct." C.*A.R. Transp. Brokerage Co., Inc. v. Darden Restaurants, Inc.*, 213 F.3d 474, 480 (9th Cir. 2000). Nothing satisfying these requirements is alleged in the Complaint. Indeed, the Complaint never plausibly suggests that either USHG or USHA communicated with or engaged in any conduct with Plaintiff at all.

**c. Ratification**

Plaintiff also fails to plausibly allege ratification. Ratification is "the affirmance of a prior act done by another, whereby the act is given effect as if done by an agent acting with actual authority." *Kristensen*, 879 F.3d at 1014 (quoting *Restatement (Third) of Agency* § 4.01(1)). "Even if a principal ratifies an agent's act, '[t]he principal is not bound by a ratification made without knowledge of material facts about the agent's act unless the principal chose to ratify with awareness that such knowledge was lacking.'" *Id.* (quoting *Restatement (Third) of Agency* § 4.01, cmt. b).

There is no asserted basis to infer there were any benefits – an insurance policy sold to Plaintiff, presumably – to accept in the first place, let alone with knowledge of the alleged internal "do-not-call" violations. Ratification is not possible under those circumstances. *Accord Kristensen*, 879 F.3d at 1014-15. Second, Plaintiff's complete failure to allege or establish any agency relationship is also fatal to a ratification finding because, "[a]lthough a principal is liable when it ratifies an originally unauthorized tort, the principal-agent relationship is still a requisite, and ratification can have no meaning without it." *Thomas v. Taco Bell Corp.*, 582 F. App'x 678, 680 (9th Cir. 2014).

**iv. Defendants' Evidence of the Lack of Personal Jurisdiction**

In any event, even if the Complaint had succeeded in sufficiently alleging personal jurisdiction by an agency relationship, the sworn testimony submitted by USHG and USHA precludes any such finding.

USHG avers that it has never hired, contracted with, or otherwise authorized anyone to market or sell insurance products in California or anywhere else by telephone or by any other means. *See* Kober Decl. at ¶¶ 11-14. It is an insurance holding company that does not market or sell insurance. *Id.* As noted above, Judge Scarsi found this

unrefuted showing established that USHG had no "involvement in any relevant event," whether directly or indirectly, and thus it was not within the court's specific personal jurisdiction. *Fabricant*, Taub Decl., Ex. D at 4.

The other Defendant, USHA, avers that it is not licensed to sell insurance in California, and therefore does not do so nor does it market or direct any marketing to California residents. Whaley Decl., Ex. D at ¶ 11. Accordingly, USHA, too, has never hired, contracted with, or otherwise authorized anyone to market or sell insurance products to California residents by telephone or by any other means. *Id.* USHA has contracts with independent insurance advisors – meaning that they are licensed insurance advisors (or "agents") under their respective states' laws, not that they act as USHA's agents for purposes of an agency relationship – and these independent insurance advisors sell insurance products underwritten by certain insurance carriers. *Id.* at ¶ 14. These independent insurance advisors are independent contractors, and are not employed by USHA. *Id.* USHA does not control or have the right to control the day-to-day activities of the independent insurance advisors, including how they decide to sell insurance policies. *Id.* at ¶ 15. However, if they choose to use the telephone, their contracts with USHA require them to comply fully with all applicable federal and state laws and regulations, including the TCPA. *Id.*

Under settled principles of law, the requirement that the purported agent act in compliance with the law, including the TCPA, precludes any possible authorization to engage in the alleged conduct and an agency relationship. *See, e.g.*, *Jones*, 887 F.3d at 449 (explaining contractual prohibition of "any act or omission that violates applicable state or Federal law, including but not limited to 'robo-calling,'" precluded finding of authority to place telephone calls in violation of the TCPA); *Shanahan v. Nat'l Auto Prot. Corp.*, No. 1:19-CV-03788, 2020 WL 3058088, *4 (N.D. Ill. June 9, 2020) (finding contractual prevision requiring purported agent "comply with all state and federal laws and regulations applicable to the activities authorized by this Agreement" "cut[s] against Plaintiff's claim that Matrix Warranty directed National Auto to make

GREENSPOON MARDER
1875 CENTURY PARK EAST
SUITE 1900
LOS ANGELES, CA 90067
TEL: 323.880.4520

calls in violation of the TCPA"); *Abante Rooter & Plumbing, Inc. v. Arashi Mahalo, LLC*, No. 18-CV-07311-VC, 2019 WL 6907077, *1 (N.D. Cal. Dec. 19, 2019) ("*Abante II*") ("Abante doesn't contend that Arashi actually granted DTX the authority to use an ATDS or to call merchants on the Do-Not-Call Registry. And for good reason: Arashi presented unrebutted evidence that DTX 'repeatedly represented that its services were compliant with the TCPA.'").

## CONCLUSION

For the foregoing reasons, Defendants USHEALTH Group, Inc. and USHEALTH Advisors, LLC respectfully request that the Court enter an order dismissing Plaintiff's Complaint, and granting any other relief the Court deems appropriate.

Dated: February 14, 2022

Respectfully Submitted,

**GREENSPOON MARDER LLP**
*/s/ Germain D. Labat*
Germain D. Labat (Cal. Bar No. 203907)
germain.labat@gmlaw.com
1875 Century Park East, Suite 1900
Los Angeles, CA 90067
Tel: 323.880.4539
Fax: 954.771.9264

Jeffrey A. Backman
(*pro hac vice* application forthcoming)
Florida Bar No. 229091
jeffrey.backman@gmlaw.com
Roy Taub
(*pro hac vice* application forthcoming)
Florida Bar No. 116263
roy.taub@gmlaw.com
200 East Broward Blvd., Suite 1800
Fort Lauderdale, FL 33301
Tel: (954) 491-1120
Fax: (954) 213-0140

*Attorneys for Defendants*

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served on all counsel of record via CM/ECF on February 14, 2022.

By: */s/ Germain D. Labat*
GERMAIN D. LABAT

GREENSPOON MARDER
1875 CENTURY PARK EAST
SUITE 1900
LOS ANGELES, CA 90067
TEL: 323.880.4520