**GREENSPOON MARDER LLP**
Germain D. Labat (Cal. Bar No. 203907)
germain.labat@gmlaw.com
1875 Century Park East, Suite 1900
Los Angeles, CA 90067
Tel: 323.880.4539
Fax: 954.771.9264

Jeffrey A. Backman (*pro hac vice* application forthcoming)
Florida Bar No. 229091
jeffrey.backman@gmlaw.com
Roy Taub (*pro hac vice* application forthcoming)
Florida Bar No. 116263
roy.taub@gmlaw.com
200 East Broward Blvd., Suite 1800
Fort Lauderdale, FL 33301
Tel: (954) 491-1120
Fax: (954) 213-0140

*Attorneys for Defendants*
*USHEALTH Group, Inc. and USHEALTH Advisors, LLC*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

REGINALD MCLUCAS, individually and on behalf of all others similarly situated,

Plaintiff,

v.

USHEALTH GROUP, INC., a Texas corporation, and USHEALTH ADVISORS, LLC, a Texas company,

Defendants.

CASE NO.: 5:21-cv-02091-JWH-SP

**DECLARATION OF ROY TAUB**

Pursuant to 28 U.S.C. §1746, I, Roy Taub, declare as follows:

1. My name is Roy Taub. I am over 18 years of age, and am a Partner at the law firm of Greenspoon Marder LLP, counsel for Defendants in this action. I suffer no mental disabilities and am otherwise competent to make this Declaration. I have personal knowledge of the information contained in this Declaration or obtained the information through a review of specified records.

2. Attached hereto as Exhibit A is a true and correct copy of a publicly available record on the website of the Utah Insurance Department with details for Reginald McLucas, which is available at https://secure.utah.gov/agent-search/agentDetails.html?agent=l3KqXELRpY. The telephone number listed as the "Business Phone" for Plaintiff is (801) 638-6381.

3. Plaintiff does not list his full telephone number in the Complaint, providing only the last four numbers of 6381. *See* Compl. at ¶ 22.

4. I made three requests to Plaintiff's counsel for her client's full telephone number: by e-mail on February 1, 2022 and February 8, 2022, and during the meet and confer on February 3, 2022, when Plaintiff's counsel stated that she did not have the telephone number before but that she could provide it. Plaintiff's counsel never responded to the e-mail inquiries.

5. To determine Plaintiff's full telephone number, I conducted a search on Westlaw using the "Public Records" feature for Plaintiff. Of the four telephone numbers associated on Westlaw with Plaintiff, only one has the same last four numbers. That telephone number is (801) 638-6381, the same telephone number listed in the Utah Insurance Department record. According to Westlaw, the address corresponding to this telephone number is 3043 S 700 W Apt. 21, Salt Lake City, UT 84123-7722.

6. The 801 area code serves Salt Lake City, Utah and four surrounding counties. Attached hereto as Exhibit B is a true and correct copy of the Wikipedia article for "Area codes 801 and 385," which is available at https://en.wikipedia.org/wiki/Area_codes_801_and_385.

GREENSPOON MARDER
375 CENTURY PARK EAST
SUITE 1900
LOS ANGELES, CA 90067
TEL: 323.880.4520

7. Attached hereto as Exhibit C is a true and correct copy of the North American Numbering Plan U.S. Area Code Map for Utah, reflecting the geographic location associated with the 801 area code. The Map is available at https://nationalnanpa.com/area_code_maps/display.html?ut.

8. Attached hereto as Exhibit D is a true and correct copy of an unpublished order from *Fabricant v. USHEALTH Group, Inc.*, No. 2:20-cv-10057-MCS-RAO, Dkt. No. 39 (C.D. Cal. Feb. 19, 2021).

I declare under penalty of perjury that the foregoing is true and correct.

Roy Taub

GREENSPOON MARDER
1875 CENTURY PARK EAST
SUITE 1900
LOS ANGELES, CA 90067
TEL: 323.880.4520

# EXHIBIT A

# INSURANCE COMPANY AND AGENT SEARCH
UTAH INSURANCE DEPARTMENT

## Details For MCLUCAS, REGINALD

### Agent Details

Name:
MCLUCAS, REGINALD

Address:
2775 S BUENA VISTA AVE CORONA, CA 92882

Business Phone:
(801) 638-6381

Internet:

Email:
Reggie8008@yahoo.com

Status:
Active

Issue Date:
Mar 23, 2021

| License | Status | Expires | Number |
|---|---|---|---|
| Non-Resident Producer | Active | Aug 31, 2022 | 837282 |
| Accident And Hlth Or Sickness | Active | Issued: Mar 23, 2021 | |
| Life | Active | Issued: Mar 23, 2021 | |
| Resident Producer | Inactive | Mar 23, 2021 | 759446 |
| Accident And Hlth Or Sickness | Inactive | Issued: Dec 30, 2019 | |
| Life | Inactive | Issued: Dec 30, 2019 | |

| Agency Affiliations | City | State | License Number | Active Date | Status |
|---|---|---|---|---|---|
| No Records Found. | | | | | |

| Company Affiliations | City | State | Type | Active Date |
|---|---|---|---|---|
| AMERICAN GENERAL LIFE INSURANCE COMPANY | MILWAUKEE | WI | Life, Accident And Hlth Or Sickness | Apr 01, 2021 |

Navigation

Home

Related

Utah Insurance Department

Consumer Services

Agent & Company Services

Department Contacts

News



Copyright © 2022 State of Utah - All rights reserved.

# EXHIBIT B

WIKIPEDIA

Coordinates: 40.8°N 111.9°W

# Area codes 801 and 385

**Area codes 801 and 385** are area codes in the North American Numbering Plan serving Salt Lake City and the four surrounding counties of the Wasatch Front in north-central Utah. The numbering plan area covers Davis, Morgan, Salt Lake, Utah, and Weber counties. Besides Salt Lake City, major towns and cities within the area are Alta, American Fork, Bountiful, Layton, Lehi, Murray, Ogden, Orem, Provo, Sandy, South Jordan, Spanish Fork, Taylorsville, West Jordan, and West Valley City. This numbering plan area is located in the Mountain Time Zone.



A map of Utah with the 801 and 385 area code overlay highlighted in red

Area code 801 was one of the original area codes created in 1947, and covered the entire state of Utah. Area code 385 is an overlay to the same numbering plan area which commenced service on June 1, 2008.

On September 21, 1997,[1] the 801 area code was restricted to the Wasatch Front, while the rest of Utah was assigned area code 435, causing 801 to become an enclave area code and also became one of the six pairs of doughnut area codes in the numbering plan. This split was originally intended to be a long-term solution. However, the Wasatch Front is not only home to most of Utah's landlines, but also the great majority of its pagers, cell phones and fax machines. The number shortage was exacerbated by the fact that most of Utah is a single LATA, meaning that several numbers outside the Wasatch Front were not available for use. As a result, within only two years 801 was close to exhaustion once again.




The original **801 area code**, as shown on a 1952 map.

In 2000, the Public Service Commission of Utah (PSC) approved a split for 801 to take effect in 2001, in which Salt Lake County would have retained the 801 area code and the rest of the Wasatch Front would have been assigned area code 385.[2] Conservation measures, such as number pooling, postponed the split for more than seven years.[3]

In July 2007, the PSC announced that the capacity created by the conservation measures would be exhausted by June 2008, finally necessitating the implementation of area code 385. The same announcement stated that 385 would be implemented as an overlay rather than a split, so that the Wasatch Front would be served by both area codes. Everyone who already had an 801 number could keep it. 385 entered service on June 1, 2008, with a year-long permissive dialing period beginning during which seven and ten-digit calls could be completed. Ten-digit dialing became mandatory along the Wasatch Front on June 1, 2009.[3][4]

While 801 is still the predominant area code in the region for land lines, 385 is being adopted quickly by wireless providers.

# See also

- List of NANP area codes

# References

1. "Archived copy" (https://web.archive.org/web/20060216062237/http://docs.nanpa.com/cgi-bin/npa_reports/nanpa?function=list_npa_introduced). Archived from the original (http://docs.nanpa.com/cgi-bin/npa_reports/nanpa?function=list_npa_introduced) on 2006-02-16. Retrieved 2006-03-04.
2. New "2-way Split" Relief Alternative Approved for 801 Area Code (http://www.nanpa.com/press_releases/pr_050800.html) Archived (https://web.archive.org/web/20070607220411/http://www.nanpa.com/press_releases/pr_050800.html) June 7, 2007, at the Wayback Machine, NANPA, 31 December 2000. Accessed 13 July 2007.
3. Order Selecting Area Code Overlay, and Reversing April 13, 2000 Order Selecting Area Code Split (http://www.psc.state.ut.us/misc/07orders/Jul/0799901osacoaraosacs.pdf) Archived (https://web.archive.org/web/20071011213131/http://www.psc.state.ut.us/misc/07orders/Jul/0799901osacoaraosacs.pdf) October 11, 2007, at the Wayback Machine, Public Service Commission of Utah, 12th of July, 2007. Accessed 13 of July, 2007.
4. 385 area code = 10-digit dialing (http://publicutilities.utah.gov/area-code-overlay.html), Utah Public Service Commission Accessed 9th of July, 2008.

# External links

- NANPA area code map of Utah (https://www.nationalnanpa.com/area_code_maps/display.html?ut)
- List of exchanges from AreaCodeDownload.com, 801 Area Code (https://web.archive.org/web/20090222215540/http://www.areacodedownload.com/801/index.html)
- List of exchanges from AreaCodeDownload.com, 385 Area Code (https://web.archive.org/web/20090208011400/http://www.areacodedownload.com/385/index.html)

Utah area codes: 385/801, 435

| | | |
|---|---|---|
| | **North**: 435 | |
| **West**: 435 | **Area Codes 385/801** | **East**: 435 |
| | **South**: 435 | |

Retrieved from "https://en.wikipedia.org/w/index.php?title=Area_codes_801_and_385&oldid=941543283"

**This page was last edited on 19 February 2020, at 05:55 (UTC).**

Text is available under the Creative Commons Attribution-ShareAlike License; additional terms may apply. By using this site, you agree to the Terms of Use and Privacy Policy. Wikipedia® is a registered trademark of the Wikimedia Foundation, Inc., a non-profit organization.

# EXHIBIT C

NANPA

# Area Codes Map

**UT - Utah**




Follow these directions to save the map above to your computer.

- **PC Users -** Right click on the image and follow the directions provided by your browser to download the map.
- **MAC Users -** Hold down button and select "download image to disk" in the box that pops up.
- Choose the folder on your computer where you wish to save it to.

Print Map | Close Window

Legal Notice | Neutrality (docx) | Privacy Notice | Website Guide

# EXHIBIT D

JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRY FABRICANT, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>USHEALTH GROUP, INC.; DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. 2:20-cv-10057-MCS-RAO<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS [32]** |

Before the Court is Defendant USHEALTH Group Inc.'s Motion to Dismiss under Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6). Mot., ECF No. 32. Plaintiff Terry Fabricant filed an Opposition and Defendant filed a Reply. Opp., ECF No. 33; Reply, ECF No. 37. The Court deems the matter appropriate for decision without oral argument and vacates the hearing. Fed. R. Civ. P. 78(b); Local Rule 7-15.

Defendant's Rule 12(b)(2) Motion is **GRANTED**.

## I. BACKGROUND

Defendant is a Delaware corporation with a principal place of business in Texas and Fabricant is a California citizen. First Amended Complaint ("FAC") ¶ 2, ECF No.

29. Fabricant answered a call on July 26, 2018 and a "prerecorded voice indicated that the call was in relation to the sale of health insurance." *Id.* ¶¶ 8-9. After the recording, Fabricant informed a representative, John, that he was in California and was transferred to another representative. *Id.* ¶ 10. John then sent Fabricant an email with a link to ushealthgroup.com. *Id.* ¶ 11. Based on these allegations, Fabricant brings claims under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227(b).

## II. LEGAL STANDARD

A defendant can move to dismiss for lack of personal jurisdiction under Rule 12(b)(2). The party asserting the existence of jurisdiction bears the burden of establishing it. *Mattel, Inc. v. Greiner & Hausser GmbH*, 354 F.3d 857, 862 (9th Cir. 2003). If the court does not require an evidentiary hearing, a plaintiff need only make a prima facie showing of personal jurisdiction. *Boschetto v. Hansing*, 539 F.3d 1011, 1015 (9th Cir. 2008). Depending on the nature and extent of a defendant's contacts, if any, with a forum state, the appropriate exercise of personal jurisdiction may either be general – *i.e.*, the party is subject to any claims in that forum – or specific – *i.e.*, the party is subject only to claims arising out of its forum-related activities. *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011).

To establish personal jurisdiction over a defendant, a plaintiff must show that both the long-arm statute of the forum state confers personal jurisdiction over an out-of-state defendant, and that the exercise of jurisdiction is consistent with federal due process requirements. *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1154-55 (9th Cir. 2006). California's long-arm statute is co-extensive with the scope of what is permitted by due process. *Harris Rutsky & Co. Ins. Servs., Inc. v. Bell & Clements Ltd.*, 328 F.3d 1122, 1129 (9th Cir. 2003) (citations omitted). Constitutional due process requires that jurisdiction be exercised over a nonresident party only if that party has "minimum contacts" with the forum, such that the exercise of jurisdiction "does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (internal quotation marks omitted).

## III. DISCUSSION

Defendant argues that the Court cannot exercise jurisdiction because Defendant had no direct or indirect contact with Fabricant. *See* Konrad H. Kober Decl. ¶¶ 11-14, ECF No. 32-1 (Defendant "did not authorize, make, or direct the telephone call alleged to have been made to Plaintiff or any others like it… has never hired, contracted with, or authorized anyone to make telemarketing calls, whether in California or anywhere else… has never marketed to sell any insurance product, [and] does not make, has never made, and has never hired, contracted with, or authorized anyone to make any outbound telemarketing calls for any purpose, whether in California or anywhere else."). Because the parties agree that Defendant is not subject to general personal jurisdiction, the Court turns to the Ninth Circuit's three-prong test for specific personal jurisdiction:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
> (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and
> (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

*Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 801 (9th Cir. 2004).

"If any of the three requirements is not satisfied, jurisdiction in the forum would deprive the defendant of due process of law." *Pebble Beach*, 453 F.3d at 1155 (citation omitted). A plaintiff bears the burden of satisfying the first two prongs of the test. *Id.* The first prong may be satisfied with facts sufficient to show either "purposeful availment or purposeful direction, which, though often clustered together under a shared umbrella, are in fact two distinct concepts." *Brayton Purcell LLP v. Recordon & Recordon*, 606 F.3d 1124, 1128 (9th Cir. 2010) (quoting *Pebble Beach*, 453 F.3d at 1155). Because Fabricant's claims arise in tort, the Court applies the purposeful direction test, which employs the "effects test," requiring proof of three elements: "the

defendant allegedly [must] have (1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." *Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme*, 433 F.3d 1199, 1206 (9th Cir. 2006) (citation omitted).

Fabricant argues that the Court cannot consider sworn testimony that Defendant has no telemarketing operations at the Rule 12 stage, and that it must accept Fabricant's allegation, made on information and belief, that the soliciting representative was somehow Defendant's agent. Opp. 5.[1] But a plaintiff challenging a Rule 12(b)(2) motion cannot "simply rest on the bare allegations of its complaint," *Schwarzenegger,* 374 F.3d at 801, and a court "may not assume the truth of allegations in a pleading which are contradicted by affidavit." *Data Disc, Inc. v. Sys. Tech. Assocs., Inc.*, 557 F.2d 1280, 1284 (9th Cir. 1977). Fabricant's argument misstates his burden and ignores that he must respond to Defendant's affirmative evidence with contrary proof. *Anthony v. Iron Mountain, Inc.*, 2020 WL 5793449, at *3 (C.D. Cal. Sept. 25, 2020) ("[I]f the defendant presents evidence to contradict the allegations in the complaint, the plaintiff must go beyond the pleadings and present affirmative proof of personal jurisdiction through affidavits and declarations.") (citation omitted). Fabricant's failure to offer any countervailing evidence—even the email he claims he received but refuses to produce—requires the Court to accept Defendant's unrebutted testimony demonstrating that it did not and could not have had any direct or indirect contact with Fabricant. Kober Decl. ¶¶ 11-14. Because Fabricant offers no proof or well-pled allegation to suggest Defendant's involvement in any relevant event, he has failed to satisfy specific jurisdiction's first prong and the Court need not address the remaining prongs.

Because the Court lacks personal jurisdiction over Defendant, this action is **DISMISSED**.

---

[1] The Court disregards allegations in the Opposition that are not in the FAC. *Schneider v. Cal. Dep't. of Corr.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998).

## IV. CONCLUSION

Defendant's Rule 12(b)(2) Motion is **GRANTED**. The Clerk of Court shall close the case.

**IT IS SO ORDERED.**

Dated: February 19, 2021

HON. MARK C. SCARSI
UNITED STATES DISTRICT JUDGE